# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 14-568V
Filed: September 30, 2014

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| JOSEPH J. KRAUS, a married man, * | |
| * | |
| Petitioner, * | Ruling on Entitlement; Concession; |
| v. * | Tetanus-Diphtheria-acellular Pertussis; |
| * | Tdap; Table Injury; Brachial Neuritis; |
| SECRETARY OF HEALTH * | Neurapraxia |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## RULING ON ENTITLEMENT[1]

**Vowell**, Chief Special Master:

On July 3, 2014, Joseph J. Kraus filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleged that he suffered neurapraxia as a result of a tetanus-diphtheria-acellular pertussis ["Tdap"] vaccination he received on August 25, 2011. Petition at 2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 29, 2014, respondent filed her Rule 4(c) report ["Res. Report"], in which she concedes that petitioner is entitled to compensation in this case. Res. Report at 2. Specifically, respondent indicates that the facts of the case support a finding that petitioner suffered the Vaccine Table Injury of brachial neuritis within 2 to 28 days of receiving the Tdap vaccine. *Id.* at 4. Respondent agrees that petitioner's injury lasted for more than 6 months and was not caused by a factor unrelated to the Tdap vaccine. Res. Report at 4.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

**In view of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation.**

**s/Denise K. Vowell**
Denise K. Vowell
Chief Special Master
